IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST BERNARD IVY, | No. CIV S-06-1959-DFL-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SAN JOAQUIN COUNTY SUPERIOR COURT, | |
| Defendant. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On September 1, 2006, plaintiff filed an application for leave to proceed in forma pauperis (Doc. 2). Plaintiff did not, however, submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). On September 14, 2006, the court provided plaintiff an opportunity to either pay the filing fee or submit a certified trust account statement, and warned plaintiff that failure to comply with this order may result in the dismissal of this action. See Local Rule 11-110. On September 28, 2006, plaintiff submitted a document purporting to be his prison trust account statement. The document, however, was not certified by any prison official as required

1

by § 1915(a)(2).  On October 16, 2006, the court provided plaintiff with another opportunity to comply with the court's September 14, 2006, order within 30 days.  On October 26, 2006, plaintiff filed a "Motion for Update" in which he indicates that he "mailed out a certified copy of my trust account statement" on September 7, 2006.  On November 28, 2006, plaintiff filed a notice of change of address which appears to indicate that plaintiff is no longer incarcerated.  It is unknown whether plaintiff has in fact been released and, if so, whether he desires to continue with this litigation  In any event, plaintiff has not resolved the fee status for this case as required by the court's prior orders.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to resolve the fee status for this case as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Failure to file objections within the specified time may waive
6 the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 DATED:  January 24, 2007.

                                                  **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE